UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

|  |  |  |
|---|---|---|
| MONTRELL D. GREEN, | ) ) ) | |
| Petitioner, | ) ) | No. 5:22-CV-295-DCR-HAI |
| v. | ) ) | RECOMMENDED DISPOSITION[1] |
| STATE OF FLORIDA, | ) ) ) | |
| Respondent. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 7, 2022, the Court docketed a *pro se* motion from prisoner Montrell Green styled a "Motion for Post-Conviction Relief Pursuant to Florida Rules of Criminal Procedure 3.850(M) Petition for Habeas Corpus." D.E. 1. The matter appears to be a post-conviction challenge under state law to a conviction in Lee County, Florida. Even if the "Motion" is construed as a federal habeas corpus petition under 28 U.S.C. § 2254 (which is doubtful), the Eastern District of Kentucky is not the appropriate venue.

By statute, a writ of habeas corpus "may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Additionally, the statute allows for the transfer of a habeas petition to the appropriate district court of jurisdiction if a petitioner files the petition in the wrong jurisdiction. 28 U.S.C. § 2241(b). The statute further provides that an application made by a person in custody under the judgment and sentence of a state court "may be filed in the district court for the district wherein such person is in custody or in the district

---

[1] The Court issues a Recommended Disposition in an abundance of caution, given a lack of consensus in this Circuit over whether transfers are dispositive. *See Dehuga v. RealState Invs., LLC*, No. 1:20-CV-124, 2021 WL 794140, at \*2 n.2 (S.D. Ohio Mar. 2, 2021) (collecting cases); *Down-Lite Int'l, Inc. v. Altbaier*, No. 1:19-CV-627, 2019 WL 4439099, at \*2 (S.D. Ohio Sept. 17, 2019).

court for the district within which the State court was held which convicted and sentenced him[.]" 28 U.S.C. § 2241(d).

Here, the first page of the Motion suggests the Circuit Court of Lee County, Florida, located in the Middle District of Florida, entered the judgment at issue. The Motion was sent from Suwannee Correctional Institution in Live Oak (Suwannee County), Florida, in the Middle District of Florida. The filings also contain a "Notice of Failure to Prosecute" from Leon County, which is in the Northern District of Florida. But it appears the defendant is in custody in the Middle District of Florida under a judgment issued in the Middle District of Florida. Thus, per the statute, this matter was filed in the Lexington Division of the Eastern District of Kentucky in error. Therefore, the Court **RECOMMENDS** that the District Judge **TRANSFER** this case in its entirety to the Middle District of Florida for further consideration.

The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 8th day of November, 2022.

Signed By:
Hanly A. Ingram
United States Magistrate Judge